# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-931


**SIMONE B. GUILLORY, ET AL.**

**VERSUS**

**SAMUEL S. BROUSSARD, JR., ET AL.**


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 119,923, DIVISION F
HONORABLE GREGORY P. AUCOIN, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders and Elizabeth A. Pickett, Judges.


**AFFIRMED IN PART, AMENDED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.**

**Natalie Bernard Broussard**
**Attorney at Law**
**203 W. Main St., Suite 200**
**New Iberia, LA 70560**
**(337) 365-9000**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **Simone B. Guillory**

**Philip A. Franco**
**Raymon P. Ward**
**Lauren Lopresto Tafaro**
**Diana Cole Surprenant**
**Adams and Reese LLP**
**701 Poydras Street, Suite 4500**
**New Orleans, LA 70139**
**(504) 581-3234**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **Simone B. Guillory**

**Steven G. Durio**
**Travis J. Broussard**
**Durio, McGoffin, Stagg & Ackermann**
**P. O. Box 51308**
**Lafayette, LA 70505-1308**
**(337) 233-0300**
**COUNSEL FOR DEFENDANTS-APPELLANTS:**
    **Samuel S. Broussard, Jr.**
    **Sam Broussard Trucking Co., Inc.**

**PICKETT, Judge.**

Samuel S. Broussard, Jr. and Sam Broussard Trucking Co., Inc. appeal the trial court's judgment granting Simone Guillory's Motion for Summary Judgment and awarding Simone Guillory $2,659,482.91 in damages pursuant to an opinion rendered by this court in *Guillory v. Broussard*, 15-888 (La.App. 3 Cir. 5/18/16), 194 So.3d 764, *writ denied*, 16-1707 (La. 11/29/16), 210 So.3d 806. Simone Guillory has also appealed the trial court's judgment, seeking restoration of 171.5 shares of stock of Sam Broussard Trucking Co., Inc., a specific finding that Samuel S. Broussard, Jr. is solidarily liable with Sam Broussard Trucking Co., Inc., and judicial interest.

## FACTS

This court previously outlined the facts of this case in *Guillory v. Broussard*, 15-888 (La.App. 3 Cir. 5/18/16), 194 So.3d 764, *writs denied*, 16-1045 (La. 9/16/16), 206 So.3d 884, *and* 16-1707 (La. 11/29/16), 210 So.3d 806. Sam Broussard, Jr., and his three sisters, Simone Guillory, Lamar Lopresto, and Michelle Cart, each owned 25% of Sam Broussard Trucking Co., Inc. (SBT) following the death of their parents. Mr. Broussard served as president of SBT. At Mr. Broussard's behest, the three sisters agreed to make Mr. Broussard the majority owner of SBT in exchange for certain concessions, including an equal share of ownership in immovable property owned by SBT and a permanent seat on the board of directors for each of the sisters. Mr. Broussard presented his sisters with a Stock Redemption Agreement (SRA), in which each sister agreed to transfer 171.5 shares of SRT stock back to the company in exchange for $200,000.00. The agreement was executed in 2003. Alleging that Mr. Broussard reneged on the promises he made to secure their agreement to transfer the stock by using his increased voting power to remove them from the board of directors and failing to

equally share income generated by the ownership of the immovable property, Ms. Guillory and Ms. Lopresto filed suit against Mr. Broussard and SBT on December 21, 2011. Before trial, Ms. Lopresto withdrew from the suit, but Ms. Guillory's claims proceeded.

Following a trial, a jury found that Ms. Guillory's error vitiated her consent to the SRA. The jury failed to award any remedy to Ms. Guillory as a result of this finding. The jury also found that after Ms. Guillory filed this suit, Mr. Broussard failed to distribute sufficient profits for Ms. Guillory to pay increased taxes brought on by a change in the tax status of SBT, as he had promised. The jury found that Mr. Broussard violated the Louisiana Unfair Trade Practices Act (LUTPA) by failing to keep this agreement with Ms. Guillory and awarded Ms. Guillory $69,084.00 for unfair trade practices. The trial court rendered judgment in conformity with the jury's findings, and also awarded attorney fees to Ms. Guillory pursuant to La.R.S. 51:1409(A). All parties appealed this judgment.

On appeal, this court found that LUTPA did not apply to Ms. Guillory's claim, but general contract principles did. Because the trial court failed to instruct the jury on general contract law, this court analyzed Ms. Guillory's petition for damages and the evidence presented at trial, and affirmed the award of $69,084.00 for Mr. Broussard's "refus[al] to make an annual corporate distribution to [Ms. Guillory] solely for his personal benefit" to cover her tax obligations. *Guillory*, 194 So.3d at 781. However, the award of attorney fees was reversed. *Id.*

With regard to the SRA, this court found no manifest error in the jury's finding that Ms. Guillory's agreement to redeem her shares of SBT stock "was vitiated for lack of consent resulting from excusable error." *Id.* at 782. This court did find, though, that the jury erred in failing to provide a remedy to Ms. Guillory. *Id.* The only remedy presented to the jury as an option was rescission of the

2

contract. This court found that the other remedy available to Ms. Guillory is found in La.Civ.Code art. 1952, which states:

> A party who obtains rescission on grounds of his own error is liable for the loss thereby sustained by the other party unless the latter knew or should have known of the error.
>
> The court may refuse rescission when the effective protection of the other party's interest requires that the contract be upheld. In that case, a reasonable compensation for the loss he has sustained may be granted to the party to whom rescission is refused.

Reviewing the evidence presented to the jury, this court found that Mr. Brossard "failed to offer any evidence to prove how or in what manner rescission of the Stock Redemption Agreement will result in his interests being unprotected. Thus, reasonable compensation as a remedy in this case is not an available option." *Guillory*, 194 So.3d at 783. This court remanded the case to the trial court, stating:

> The record supports the reasonableness of the jury's finding Plaintiff's error was excusable, considering her age, her lack of business experience, and that she is not a trained professional. The record also supports the jury's finding that Defendant knew of Plaintiff's errors regarding the Stock Redemption Agreement and we cannot say it was manifestly erroneous in so finding. We therefore hold that the Stock Redemption Agreement between Simone B. Guillory and Sam Broussard Trucking Company, Inc. dated July 31, 2003, is hereby rescinded and declared null and void and of no legal effect. . . . In light of these findings, Plaintiff is restored to her ownership interest in Sam Broussard Trucking Company, Inc. as it existed prior to the Stock Redemption Agreement and to her status as a Board member prior to her improper removal in 2011. We remand the case for further proceedings to determine damages consistent with this opinion.

*Guillory*, 194 So.3d at 784.

On remand, Ms. Guillory filed a Motion for Summary Judgment Pursuant to Remand. She sought return of 171.5 shares of stock redeemed in 2003, $2,625,282.91 in distributions of profit since 2003, of which she argued Mr. Broussard was liable solidarily for $2,190,013.09, and fees earned as a board member since she was improperly removed from the board of directors of SBT in

3

2011. To support her claim, Ms. Guillory executed an affidavit and attached the tax returns of SBT and her own tax documents related to distributions from SBT.

SBT and Mr. Broussard responded by arguing that a return of 171.5 shares to Ms. Guillory would result in her owning 43.8% of SBT shares, on equal footing with Mr. Broussard. SBT and Mr. Broussard argued that the court should fashion a remedy whereby Ms. Guillory would receive the 25% of the company she owned before the SRA was executed. Alleging that this created a genuine issue of material fact, they argued summary judgment was not appropriate. Mr. Broussard also argued that he should not be held liable personally because he was not a party to the SRA personally. SBT and Mr. Broussard also argued that this court's opinion did not order SBT to pay Ms. Guillory for board of director meetings that she did not attend.

Following a hearing, the trial court ruled in favor of Ms. Guillory and awarded her a judgment against Mr. Broussard and SBT in the amount of $2,625,282.91. The trial court also awarded Ms. Guillory judgment against Mr. Broussard and SBT in the amount of $34,200.00 for the loss of fees as a member of the board of directors of SBT since 2011. Both Ms. Guillory and Mr. Broussard and SBT have appealed this judgment.

## ASSIGNMENTS OF ERROR

Mr. Broussard and SBT filed a suspensive appeal and asserted four assignments of error:

1. The trial court erred in issuing a judgment contrary to this Court's prior controlling opinion recognizing each of the "four siblings [had] equal ownership," or 25% each, of SBT prior to the SRA and restoring plaintiff "to her ownership interest in Sam Broussard Trucking Co., Inc. as it existed prior to the Stock Redemption Agreement."

2. The trial court erred in issuing a judgment contrary to La.Civ.Code art. 2033's mandate to restore the parties to the "situation that existed

4

before" the SRA without unjustly enriching either party as La.Civ.Code art. 1952 requires, instead granting plaintiff a vastly-increased, unjust windfall of 43.8% of SBT's stock which she never held at any time, even prior to the SRA.

3. The trial court erred in finding plaintiff has a right of action against Broussard personally for unpaid distributions when her claim lies only against SBT as the party which issued the distributions, and res judicata bars derivative rights.

4. The trial court erred in granting director's fees on plaintiff's claim for director's fees under the Louisiana Unfair Trade Practices Act, on which the jury refused a director's fees award on a claim this court had already dismissed.

Ms. Guillory filed a devolutive appeal, and asserts three assignments of error:

1. In its reasons for judgment, the trial court correctly held that Ms. Guillory is entitled to receive the 171.5 shares of SBT stock that were redeemed through the now rescinded Stock Redemption Agreement. But the trial court erroneously omitted this award from the judgment itself.

2. The trial court correctly rendered judgment in Ms. Guillory's favor against Mr. Broussard and SBT for $2,625,282.91, representing distributions she should have received on the 171.5 shares, plus $34,200.00 for loss of fees Ms. Guillory would have been paid as a board member for SBT. But the trial court's judgment is in error because it fails to state that Mr. Broussard is solidarily liable for these sums.

3. The trial court erred in failing to make any award of legal interest in its judgment. Ms. Guillory is entitled to legal interest at least from the date of judicial demand on the amounts owed to her under the judgment.

## DISCUSSION

This court explained the appropriate standard for appellate review of a motion for summary judgment in *Ravey v. Rockworks, LLC*, 12-1305, pp. 2-3 (La.App. 3 Cir. 4/10/13), 111 So.3d 1187, 1189-90:

> When an appellate court reviews a district court's judgment on a motion for summary judgment, it applies the de novo standard of review, "using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the

mover is entitled to judgment as a matter of law." *Supreme Serv. & Specialty Co., Inc. v. Sonny Greer*, 06-1827, p. 4 (La.5/22/07), 958 So.2d 634, 638.

A motion for summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966. "[I]f reasonable persons could only reach one conclusion, then there is no need for trial on that issue and summary judgment is appropriate." *Hines v. Garrett*, 04-806, p. 1 (La.6/25/04), 876 So.2d 764, 765-66 (*quoting Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751). A fact is "material" when "its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." *Smith*, 639 So.2d at 751.

Effect of Nullity of the Stock Redemption Agreement

In their first and second assignments of error, Mr. Broussard and SBT argue that the trial court erred in allowing Ms. Guillory to recover the proceeds from 171.5 shares of stock, which represents 43.8% of the outstanding shares of SBT stock, rather than the 25% share she owned prior to the execution of the SRA. In her first assignment of error, Ms. Guillory argues the trial court erred by not particularizing in the judgment that she was entitled to 171.5 shares of stock.

At the time the SRA was executed, each of the four Broussard siblings owned 180 shares of SBT stock. A testamentary trust, in which each sibling had a one-quarter interest, owned 80 shares. Thus, there were 800 shares of stock outstanding, and each sibling owned 180 shares individually and 25% interest in the 80 shares of the trust. The terms of the SRA stipulated SBT would redeem 171.5 shares of stock from each of the sisters and that Ms. Guillory, Ms. Lopresto, and Ms. Cart would be paid $200,000.00 each. After the redemption of these 514.5 shares of stock, there remained 285.5 shares of SBT stock outstanding. When the siblings' parents died, each sibling became owner of 20 of the 80 shares of stock owned by the testamentary trust. The result of these two transactions was

6

that Mr. Broussard owned 200 shares of stock, Ms. Guillory owned 28.5 shares of stock, Ms. Lopresto owned 28.5 shares of stock, and Ms. Cart owned 28.5 shares of stock. By percentage, Mr. Broussard became owner of 70% of the shares, and each of the sisters was owner of 10% of the shares.

In *Guillory*, 194 So.3d 764, this court nullified the SRA as it relates to Ms. Guillory for lack of consent because of error. We "restored [Ms. Guillory] to her ownership interest in Sam Broussard Trucking Co., Inc. as it existed prior to the Stock Redemption Agreement[.]" *Id.* at 784. On remand, the trial court calculated the damages awarded to Ms. Guillory based on the distributions due to a shareholder who owned 200 shares of stock (28.5 shares she previously owned plus 171.5 shares restored to her), or 43.8% of the now 457 outstanding shares (285.5 shares previously outstanding plus 171.5 shares restored to Ms. Guillory), less the distributions she had already received as an owner of 28.5 shares of stock when 285.5 shares of stock were outstanding, or 10%.

Mr. Broussard and SBT argue that the trial court should have only restored Ms. Guillory to a 25% ownership interest in SBT, which is the stake she held in the company at the time of the SRA. Mr. Broussard and SBT argue that the use of the phrase "ownership interest in Sam Broussard Trucking, Inc. as it existed prior to the Stock Redemption Agreement" means the percentage of stock Ms. Guillory owned prior to the SRA rather than the number of shares she owned. We disagree.

This court unambiguously held that the SRA was "rescinded and declared null and void and of no legal effect." *Id.* at 784. The terms of the SRA were that Ms. Guillory would redeem 171.5 shares in exchange for $200,000.00. By rescinding the SRA and declaring it null, this court held that the redemption of Ms. Guillory's 171.5 shares by SBT never occurred. As a result of the rescission, the two siblings who did not redeem their stock, Mr. Broussard and Ms. Guillory, are

restored to their position of having an equal in SBT, as they did before the execution of the SRA. Thus, the trial court was correct in its written reasons for ruling when it stated:

> Since the Third Circuit rescinded the 2003 Stock Redemption Agreement and declared it null and void and of no legal effect, the Court finds that there is no genuine issue of material fact that with the rescission of the 2003 Stock Redemption Agreement as to Simone Guillory, Simone Guillory is restored to her ownership of 171.5 shares of stock. Further, with the restoration of the 171.5 shares of stock, Simone Guillory is entitled to all the distributions by the company since 2003 that relate to these shares of stock.

While we find that the trial court reached the correct conclusion, we agree with Ms. Guillory that the trial court erred by failing to include specific language restoring her to 171.5 shares of stock in SBT and amend the judgment to explicitly require SBT to issue 171.5 shares of stock to Ms. Guillory.

Mr. Broussard and SBT also argue that the trial court's judgment does not comport with the requirements of La.Civ.Code art. 2033, which states:

> An absolutely null contract, or a relatively null contract that has been declared null by the court, is deemed never to have existed. The parties must be restored to the situation that existed before the contract was made. If it is impossible or impracticable to make restoration in kind, it may be made through an award of damages.
>
> Nevertheless, a performance rendered under a contract that is absolutely null because its object or its cause is illicit or immoral may not be recovered by a party who knew or should have known of the defect that makes the contract null. The performance may be recovered, however, when that party invokes the nullity to withdraw from the contract before its purpose is achieved and also in exceptional situations when, in the discretion of the court, that recovery would further the interest of justice.
>
> Absolute nullity may be raised as a defense even by a party who, at the time the contract was made, knew or should have known of the defect that makes the contract null.

In fact, the first paragraph of this article supports the conclusion we reach here that the parties be restored to the situation that existed before the SRA was executed.

8

Mr. Broussard and SBT's argument that Comment (b) to this article supports their position is misplaced. Comment (b) merely restates the 1870 version of Civil Code article 2506, and supports the award of the distributions on the 171.5 shares to Ms. Guillory: "The restoration of the parties to the situation that existed before the contract that is called for by this Article includes restoration of fruits and revenues, as any unjust enrichment of the parties must be prevented." La.Civ.Code art. 2033, Comment (c). We find that Mr. Broussard, not Ms. Guillory, would be unjustly enriched by receiving a larger share of the distributions from SBT than he is entitled to under his interpretation of this court's previous ruling.

Mr. Broussard and SBT also argue that the trial court's judgment violates La.Civ.Code art. 2506, which states:

> A buyer who avails himself of the warranty against eviction may recover from the seller the price he paid, the value of any fruits he had to return to the third person who evicted him, and also other damages sustained because of the eviction with the exception of any increase in value of the thing lost.

Mr. Broussard and SBT claim that the value of the property, presumably the shares of SBT stock, increased. To support this allegation, Mr. Broussard and SBT point to Mr. Broussard's affidavit, which alleges that Ms. Lopresto and Ms. Cart will be left with only 6.2% interest in SBT. We find no merit in the argument that La.Civ.Code art. 2506 supports the claim of Mr. Broussard and SBT.

Finally, Mr. Broussard and SBT argue that La.Civ.Code art. 1952 does not support the finding of the trial court. As previously discussed, this court has already considered whether a remedy is available under La.Civ.Code art 1952. Citing the jury's finding that SBT knew or should have known of the error which vitiated Ms. Guillory consent to the contract, this court found that the remedy of reasonable compensation pursuant to Article 1952 was inapplicable to this case, and ordered rescission. *Guillory*, 194 So.3d at 784.

9

We affirm the trial court's calculation of Ms. Guillory's recovery based on the return to Ms. Guillory from SBT 171.5 shares of SBT stock, but amend the judgment to specify that SBT must reissue to Ms. Guillory 171.5 shares of stock.

Amount awarded

The trial court's judgment awards Ms. Guillory $2,625,282.91. Neither party raises the amount awarded as an issue, but in performing a de novo review we have calculated the amounts based on the information in Ms. Guillory's affidavit and supporting documents. There are inconsistencies in the data provided in the affidavit and in the supporting documents, to wit:

1. SBT's 2006 tax return says there were $600,000.00 in distributions, but Ms. Guillory only received $10,000.00, and she states in her affidavit that distributions should have been $100,000.00. We have concluded, based on the uncontroverted evidence, that the correct amount is $100,000.00.

2. Ms. Guillory's affidavit says there were a total of $1,017,655.00 in distributions in 2008, but SBT's 2008 tax return says $1,017,657.00 was distributed. We find the amount from the tax return is correct.

3. Ms. Guillory's 2016 affidavit says there were $1,000,000.00 in distributions, but there is no supporting documentation. This amount is based on Ms. Guillory receiving $100,000.00, for which there is supporting evidence. We conclude Ms. Guillory's uncontroverted affidavit is correct.

Thus, we find that the total distributions from SBT to its shareholders from 2004 to 2016 is $8,358,826.00. This is $2.00 different from the calculation used by Ms. Guillory and adopted by the trial court. The amount of distributions paid to Ms. Guillory plus the $200,000.00 from the SRA, as calculated by Ms. Guillory, is $1,035,882.00. We have calculated this sum as $1,035,883.00. The difference is in the 2008 distribution, which Ms. Guillory lists as $101,765.00, but her

10

supporting documents (Schedule K-1) list as $101,766.00.  These are admittedly minor inconsistencies.

The more significant error is the manner in which Ms. Guillory calculated the amount of the distributions she should have been paid.  Ms. Guillory assumed she should have been paid 43.8% of the total distributions, or $3,661,164.91.  However, she is actually entitled to 200/457ths of the distributions, or 43.7636761% of the distributions.  Using the corrected amounts, and applying the correct percentage, the actual amount to which Ms. Guillory is entitled to is $2,622,246.54 ((0.437636761 X $8,358,826.00) - $1,035,833.00).

Samuel S. Broussard, Jr.'s Personal Liability

The trial court's judgment states, in pertinent part:

> IT IS ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment is granted.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED SIMONE GUILLORY is entitled to judgment against SAMUEL S. BROUSSARD, JR. AND SAM BROUSSARD TRUCKING CO., INC. in the amount of TWO MILLION, SIX HUNDRED TWENTY-FIVE THOUSAND TWO HUNDRED EIGHTY-TWO AND 91/100 ($2,625,282.91) DOLLARS.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that SIMONE GUILLORY is entitled to judgment against Samuel S. Broussard, Jr. and Sam Broussard Trucking Co., Inc. in the amount of THIRTY-FOUR THOUSAND TWO HUNDRED AND NO/100 ($34,200.00) DOLLARS representing the loss of fees as a Board Member of Sam Broussard Trucking Company, Inc. since September 2011.
>
> Costs are assessed to Defendant, Samuel S. Broussard, Jr.

In their third assignment of error, Mr. Broussard and SBT argue that Mr. Broussard should not be held personally liable for the distributions made by SBT, a separate corporation, as Ms. Guillory had previously filed a derivative action which was dismissed, and therefore her claim for personal liability against Mr. Broussard is barred by res judicata.  In her second assignment of error, Ms. Guillory argues that

11

the trial court erred in failing to hold specifically that Mr. Broussard is solidarily liable for the damages awarded to her.

Ms. Guillory and Ms. Lopresto[1] did file a derivative action against Mr. Broussard, Ms. Cart, the trustee of the family trust to whom Mr. Broussard had transferred 18% of his SBT stock, and SBT on June 27, 2012, while this case was pending. Ms. Guillory made claims that Mr. Broussard's compensation was excessive and that he violated LUTPA for failing to make distributions of profits. The trial court granted an involuntary dismissal in favor of the defendants at the close of Ms. Guillory's case, finding that (1) she bore the burden of proving excessive compensation and she failed to meet that burden, and (2) she failed to introduce evidence that Mr. Broussard's failure to distribute profits was an unfair or deceptive act as required under LUTPA. This court affirmed the judgment of the trial court in *Guillory v. Broussard*, 15-953 (La.App. 3 Cir. 5/4/16), 190 So.3d 486, *writ denied*, 16-1045 (La. 9/16/16).

Louisiana Revised Statutes 13:4231 states:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to

---

[1] Ms. Lopresto eventually withdrew as a plaintiff, but later intervened in the suit as an indispensable party.

12

any issue actually litigated and determined if its determination was essential to that judgment.

Louisiana Revised Statutes 14:4232 provides for exceptions to the statutory doctrine of res judicata, stating in pertinent part:

A. A judgment does not bar another action by the plaintiff:

(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;

(2) When the judgment dismissed the first action without prejudice; or,

(3) When the judgment reserved the right of the plaintiff to bring another action.

The supreme court in *Burguieres v. Pollingue*, 02-1385, p. 8 (La. 2/25/03), 843 So.2d 1049, 1053, established that the following five elements must be satisfied for a finding that a second action is precluded by res judicata:

(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

At the time the derivative action was litigated, this suit, which included claims against Mr. Broussard personally for conduct related to the SRA, was pending. This court's judgment which precipitated the remand of the case for a determination of damages was pending at the time and was not a second or subsequent action. Therefore, we find res judicata inapplicable to this case.

Ms. Guillory argues that Mr. Broussard should be held personally liable for the portion of distributions due to her that were made instead to Mr. Broussard (or the family trust to whom he transferred 18% of his shares of stock in 2012 and 2013), amounting to $2,190,013.09, under the theory of unjust enrichment. She cites La.Civ.Code art. 2298, which states:

13

A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less.

The extent of the enrichment or impoverishment is measured as of the time the suit is brought or, according to the circumstances, as of the time the judgment is rendered.

The supreme court has held, "The unjust enrichment remedy is 'only applicable to fill a gap in the law where no express remedy is provided.' *Mouton v. State,* 525 So.2d 1136, 1142 (La.App. 1st Cir.1988), *writ denied*, 526 So.2d 1112 (La.1988)."

*Walters v. MedSouth Record Mgmt., LLC*, 10-351 (La. 6/4/10), 38 So. 3d 245, 246.

Ms. Guillory's claim for recovery of distributions made by the corporate defendant, SBT, from Mr. Broussard personally as the agent of the corporation who authorized the distributions, is recognized by law, as this court recognized in *Guillory*, 194 So.3d at 780-81:

Plaintiff sued Defendant Broussard individually and in his capacities as President and Director of SBT alleging he is personally liable to Plaintiff for intentional breach of his promise to pay [distributions for increased taxes] and for breach of his fiduciary duties to her. A shareholder does not generally have a right to sue personally for losses to the corporation occasioned by an Officer/Director's breach of fiduciary duty. However, when the Officer or Director's breach of fiduciary duty causes a "direct loss to the shareholder, but not to the corporation, ... the shareholder may have a right to sue individually." *Thornton ex rel. Laneco Constr. Systems, Inc. v. Lanehart*, 97–2871, p. 6 (La.App. 1 Cir. 12/28/98), 723 So.2d 1127, 1131, *writ denied*, 99–0177 (La.3/19/99), 740 So.2d 115, *citing Wilson v. H.J. Wilson Co., Inc.*, 430 So.2d 1227 (La.App. 1st Cir.), *writ denied*, 437 So.2d 1166 (1983). Moreover:

The fiduciary cannot take advantage of his position for his personal benefit to the detriment of the corporation or its shareholders. *Olinde v. 400 Group*, 95–1233 (La.App. 1st Cir.12/6/96), 686 So.2d 883, 885, *writ denied*, 97–

14

0633 (La.5/9/97), 693 So.2d 767. The fiduciary is responsible for proving that his actions were in good faith and that he was guided by inherent fairness to the corporation. *Hirsch v. Cahn Elec. Co., Inc.*, 29,327 (La.App. 2nd Cir.5/9/97), 694 So.2d 636, 642, *writ denied*, 97–1561 (La.10/3/97), 701 So.2d 200.

*Id. See also* in accord *Lawly Brooke Burns Trust v. RKR., Inc.*, 96–1231 (La.App. 1 Cir. 3/27/97), 691 So.2d 1349, and cases cited therein.

We agree that Ms. Guillory has a claim against Mr. Broussard personally for distributions by SBT that Mr. Broussard authorized on behalf of the corporation pursuant to the SRA if she can show he failed to act in good faith. These claims are not barred by res judicata. The theory of unjust enrichment is not available, as there is a remedy available under the law for such a recovery. The record on summary judgment does not determine whether Mr. Broussard's actions in determining the distribution payments to Ms. Guillory and himself as an agent of SBT constituted a breach of his fiduciary duty of good faith. The trial court erred to the extent that it granted summary judgment on the issue of Mr. Broussard's personal liability, and the case is remanded for a trial on the merits on the issue of whether Mr. Broussard exercised his fiduciary responsibilities to SBT in bad faith to the detriment of Ms. Guillory.

Award of Director's Fees

In their fourth assignment of error, Mr. Broussard and SBT argue that this court, in its previous opinion, dismissed Ms. Guillory's LUTPA claims, which included her claim for director's fees. While this is correct, this court found Ms. Guillory's removal from the board of directors of SBT improper when analyzed under general contract theory and also ordered Ms. Guillory reinstated to her position as a member to the board of directors of SBT, finding her removal in September 2011 improper. *Guillory*, 194 So.3d 764. We find the award of

15

director's fees since that time consistent with our ruling and affirm the trial court's judgment awarding $34,200.00.

<u>Judicial Interest</u>

In her third assignment of error, Ms. Guillory argues she should be awarded judicial interest from the date of judicial demand on the amounts owed to her under the judgment. Louisiana Code of Civil Procedure Article 1921 provides, "The court shall award interest in the judgment as prayed for or as provided by law." Ms. Guillory prayed for judicial interest in her pleadings. Thus, she is entitled to recover judicial interest.

Nevertheless, we cannot award judicial interest from the date of judicial demand for the entire amount of the award. In the instant case, the date of judicial demand is December 21, 2011, the date the instant action was initiated by the petition of Ms. Guillory. For distributions made from 2004 through 2010, we find judicial interest is due from the date of judicial demand. For distributions and directors' fees due after that date but before the judgment of the trial court, we find that judicial interest cannot begin to accrue until those amounts became due. For example, Ms. Guillory received $30,000.00 in distributions for 2011, but she should have received $131,291.03. The excess of $101,291.03 became due on December 31, 2011. The judicial interest on that amount begins accruing on December 31, 2011. Likewise, in 2012, Ms. Guillory received $50,000.00 in distributions for 2012, but should have received $218,818.38. The excess of $168,818.38 became due on December 31, 2012. The judicial interest on that amount begins accruing on December 31, 2012. For each successive year that Ms. Guillory failed to receive in full the distributions to which she was entitled as an owner of 200 shares of stock in SBT, Ms. Guillory is entitled to recover legal

interest on the amounts awarded herein from the last date of the year in which those distributions were payable.

## CONCLUSION

The judgment of the trial court is amended to order SBT to reissue to Ms. Guillory 171.5 shares of SBT stock. The judgment is amended to award damages to Ms. Guillory in the amount of $2,622,246.54 for unpaid distributions and $34,200.00 for director's fees against SBT, with legal interest. The trial court is ordered to calculate the appropriate legal interest. The judgment is reversed insofar as it held Mr. Broussard personally liable, and the case is remanded for a trial to determine the extent, if any, to which he can be held personally liable. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Mr. Broussard and SBT.

**AFFIRMED IN PART, AMENDED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.**